17-2745-cv
*Fung-Schwartz v. Cerner Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand eighteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

---

JENNIFER FUNG-SCHWARTZ, M.D., JENNIFER
FUNG-SCHWARTZ, D.P.M., L.L.C.,

        *Plaintiffs-Appellants*,                    17-2745-cv

        v.

CERNER CORPORATION, CERNER HEALTHCARE
SOLUTIONS, INC.,

        *Defendants-Appellees*.

---

**FOR PLAINTIFFS-APPELLANTS:**        ELIZABETH SHIELDKRET, Forest Hills, NY.

**FOR DEFENDANTS-APPELLEES:**        PATRICK N. FANNING (John M. Lyons, *on the brief*), Shook, Hardy & Bacon L.L.P., Kansas City, MO.

Appeal from an August 8, 2017 order of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause be, and it hereby is, **VACATED AND REMANDED**.

Plaintiffs-Appellants appeal the District Court's order denying their motion for a preliminary and permanent injunction. The District Court's written order dated August 8, 2017 states that "Plaintiffs' motion for a temporary restraining order and preliminary injunction . . . is DENIED." A-174. At a conference held on August 4, 2018, however, the District Court made several statements that appeared to grant the very injunctive relief sought in Plaintiffs-Appellants' motion (although the statements were inconsistent as to the duration of the injunction):

- "I still don't see the issue for a TRO, so I'm going to maintain my ruling with regard to that, with regard to the system and keeping it on *during the pendency of this case*, and I'll make the direction, Mr. Fanning, that your client shouldn't use the kill switch, whatever that is." A-164 (emphasis added).

- "As I've indicated, the system should remain on." A-168.

- "[A]s I said, at least *during the pendency of the motion to dismiss*, the system should remain on." A-169 to -70 (emphasis added).

Upon review, we are unable to discern the intended effect of the District Court's various written and oral pronouncements regarding Plaintiffs-Appellants' motion for preliminary and permanent injunctive relief. We therefore **VACATE** the District Court's order and **REMAND** the cause for further proceedings. We offer no opinion as to the merits of Plaintiffs-Appellants' motion. If, on remand, the District Court intends to order some form of preliminary relief, the Court should justify such relief by making the necessary factual and legal findings, *see N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018), and should specify: (1) the precise scope of the relief, *see* Fed. R. Civ. P. 65(d)(1); and (2) whether that order remains in effect (a) until the ultimate termination of this case or (b) only until a decision has been entered on Defendants-Appellees' Partial Motion to Dismiss Counts 1–16 and 18, *Fung-Schwartz v. Cerner Corp.*, No. 17-cv-0233-VSB (S.D.N.Y. Aug. 18, 2017), ECF No. 38.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2